IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANCE HASKELL, )<br>    Petitioner              )<br>                                  )<br>vs.                              )<br>                                  )<br>LOUIS FOLINO, et al.        )<br>    Respondents.          ) | C.A.No. 1:10-cv-149<br><br><br>Re: Motion for Relief of Judgment<br>ECF No. 86 |

**MEMORANDUM OPINION**

District Judge Susan Paradise Baxter

**I.**     **Introduction**

The Writ of Habeas Corpus is one of our nation's "most precious and most fought over principles of justice." Albert S. Glass, *Historical Aspects of Habeas Corpus*, 9 St. John L. Rev. 55 (1934). Justice Story called it "the Great Writ," noting that "the English Habeas Corpus Act (31 Car. 2, c. 2) 'has been, in substance, incorporated into the jurisprudence of every state in the Union; and the right to it has been secured in most, if not in all, of the state constitutions by a provision, similar to that existing in the constitution of the United States.'" 3 J. Story, *of the United States* § 1333 (1833) *citing State ex rel. McBride v. Superior Court for King County*, 103 Wash. 409, 417; 174 P. 973, 976 (Wash. 1918). *See also* Blackstone, William [1768], *Commentaries on the Laws of England: A facsimile of the first edition of 1765–1769*. 3 Chicago: University of Chicago Press. (1979), pp. 129–137. The writ lies to ascertain whether a "sufficient ground of detention appears." *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001) *citing Commentaries on the Constitution*, *supra*. at 203). The purpose of a habeas corpus petition is to challenge the fact of a criminal conviction or the duration of a sentence and its function in order to secure release from illegal custody. *Peterson v. Clark*, 2019 WL 1956925, at *1 (W.D. Pa. Mar. 27, 2019), *report

1

*and recommendation adopted*, 2019 WL 1953314 (W.D. Pa. May 2, 2019) *citing Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). *See also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *Barry v. Brower*, 864 F.2d 294, 296 (3d Cir. 1988) ("a district court's power to grant a writ of habeas corpus under § 28 U.S.C. 2254 is limited ... to directing [the petitioner's] release from custody."); *Mehl v. Warden of SCI Smithfield*, 2020 WL 2217263, at *2 (M.D. Pa. May 7, 2020) (a prisoner's "immediate or more speedy release" is the traditional remedy afforded by a writ of habeas corpus).

In this case, the Court has serious concerns that the Commonwealth has diminished the importance of the Writ through its delay, inattention, and deflection—intentional or otherwise. The Court simply cannot ignore the disregard for the fundamental precepts of justice and fair play on display here. Almost three years ago, the United States Court of Appeals for the Third Circuit granted a writ of habeas corpus to the petitioner, Vance Haskell (Haskell). *See Haskell v. Superintendent Greene SCI*, 866 F.3d 139 (3d Cir. 2017). But through a series of unnecessary delays and unforced errors, the granting of the writ has yet to afford Haskell the remedy it contemplated for his unconstitutional conviction: a new trial or release. *See id*. This case has now become a paradigmatic example of the well-trod principle "justice delayed is justice denied." *Burkett v. Cunningham,* 826 F.2d 1208, 1218 (3d Cir. 1987). For the reasons that follow, the Court orders the Respondents to immediately release Haskell from confinement.

**II.    Relevant Procedural History**

In September 1998, Mr. Haskell was convicted of the first-degree murder of Darrell Cooley in Jethroe's Tavern in Erie, Pennsylvania in 1994. Over forty witnesses testified at the

trial, including four eyewitnesses, one of whom was Antoinette Blue who was facing criminal charges in another county. Mr. Haskell was sentenced to life in prison. Despite his conviction, Mr. Haskell has always maintained his innocence.

On August 1, 2017, the United States Court of Appeals found that Mr. Haskell's due process rights had been violated by the District Attorney's Office during his trial. The Court of Appeals reversed this Court's prior dismissal of a petition for writ of habeas corpus and granted Haskell the writ:

> At root is how can a defendant possibly enjoy his right to a fair trial when the state is willing to present (or fails to correct) lies told by its own witness and then vouches for and relies on that witness's supposed honesty in its closing? As the Supreme Court recited in *Napue* [*v. Illinois*, 360 U.S. 264 (1959)],
>
>> [i]t is of no consequence that the falsehood bore upon the witness' credibility rather than directly upon defendant's guilt. A lie is a lie, no matter what its subject, and, if it is in any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth.
>
> \* \* \* \* \*
>
> Haskell has demonstrated that there is a reasonable likelihood that [eyewitness Antoinette] Blue's false testimony could have affected the judgment of the jury. Hence, he is entitled to relief. ... [W]hen the state has corrupted the truth-seeking function of the trial by knowingly presenting or failing to correct perjured testimony, the threat to a defendant's right to due process is at its apex and the state's interests are at their nadir. Accordingly, we grant Haskell's *habeas* petition and remand for further proceedings consistent with this opinion.

*Haskell v. Superintendent Greene SCI*, 866 F.3d 139, 152 (3d Cir. 2017) (internal citations omitted). *See also* ECF No. 64. In granting the writ, the Third Circuit pointedly determined that the District Attorney's Office knowingly presented false testimony by a key witness and then

3

later vouched for the credibility of that witness in closing argument. *Id*. at 143-146. The Third Circuit rejected a request by the Commonwealth for rehearing *en banc*.

Significantly, on remand the Court of Appeals did not instruct this Court to reconsider any arguments or legal theories or to conduct an evidentiary hearing. Instead, the Circuit directed that this Court grant the writ of habeas corpus. On September 14, 2017, the Court of Appeals' mandate issued thereby returning the matter to the jurisdiction of this Court. ECF No. 65.

Three days later, this Court issued an order granting a conditional writ and specifically directing that:

(1) The request for habeas corpus relief be granted;

(2) The execution of the writ of habeas corpus be stayed for 180 days from the date of the Order, during which time the Commonwealth of Pennsylvania may conduct a new trial; and,

(3) After 180 days, should the Commonwealth of Pennsylvania not retry the Petitioner, the writ shall issue and the superintendent respondent shall release the Petitioner from the judgment of sentence imposed by the Court of Common Pleas of Erie County at CP-25-CR-0000731-1998.

ECF No. 66.[1]  Under this order, Haskell was to have been retried or released by March 17, 2018.

The Commonwealth did nothing for ninety days. Cm. Pleas Ct. Docket.[2]  Then, in December 22, 2017, the Court of Common Pleas appointed Nathaniel Strasser, Esq. to represent Haskell and it set a status conference for December 28, 2017.  *Id*. at 16.

---

[1] *See, e.g., Fernandez Aguirre v. Barr*, 2019 WL 4511933, at *3 (S.D.N.Y. Sept. 18, 2019) ("A conditional grant occurs when a court finds that 'a constitutional infirmity justifies [the] petitioner's release' but, as an 'accommodation[ ]' to the Government, the court 'provides the [Government] with a window of time' to 'cure the constitutional error' before release is ordered.") *quoting Phifer v. Warden, Terre Haute Ind*., 53 F.3d 859, 864-65 (7th Cir. 1995).

[2] Much of the procedural history of this case is taken directly from the Erie County Court of Common Pleas criminal docket sheet for Haskell's underlying conviction in *Commonwealth v. Haskell*, No. CP-25-CR-0000731 (Erie Cnty. Com. Pl. 1998), available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-25-CR-0000731-

On February 14, 2018, the Court of Common Pleas scheduled Haskell's criminal trial. By this point, 150 of the 180 days had passed. Haskell's retrial was scheduled for March 16, 2018 – one day before the expiration of this Court's stay of the writ. *Id.*

The deck was not yet cleared for trial, however. A week after setting the case for a re-trial. Haskell alerted the Common Pleas Court of a conflict of interest: Attorney Strasser, during previous employment with the District Attorney's Office, had represented the Commonwealth in its opposition to Haskell's petition for post-conviction relief and thus could not ethically represent him. *Id.* at 17. Alison Scarpitti, Esq. was appointed to represent Haskell. *Id.* A few days later, another conflict came to light. On February 27, 2018, Attorney Scarpitti discovered that the judge assigned to retry Haskell, the Honorable William J. Cunningham, had been the District Attorney at the time of the underlying crime and subsequent investigation. *Id.* One week before the retrial was set to begin, Attorney Scarpitti filed a motion to recuse Judge Cunningham based on this apparent conflict. *Id.*

Although the trial was scheduled for twenty-two days after the appointment of Attorney Scarpitti, the District Attorney's office did not exchange discovery materials with her until March 2, 2018, giving her just two weeks to prepare for trial. This initial disclosure comprised more than one hundred and sixty documents.

Four days before retrial was set to begin and five days before the conditional writ was to expire, Judge Cunningham held a status conference in which he instructed Attorney Scarpitti to file a written motion to continue if she would not be prepared for the March 16th trial. Attorney Scarpitti expressed concern to the court that the delay of the trial would be attributed to Haskell

---

1998&dnh=87eLNlBZmTuOefn%2blOvZCw%3d%3d (last visited May 16, 2020). The Court will utilize the citation "Cm. Pleas Ct. Docket" when referring directly to that record. Citations to a specific page contemplate the page number as listed on the state court docket.

and not to the District Attorney's Office. She faulted the District Attorney's Office for not taking any action for over 90 days of this Court's 180-day time period, and for not recognizing the Common Pleas Court appointed a former Assistant District Attorney to represent Haskell. Incredibly, despite the delay of its own making, the Commonwealth now announced that it was ready for trial and would oppose any defense request to continue the proceedings. The following day after consulting with her client, Attorney Scarpitti moved the Court of Common Pleas to continue the trial "in order to protect Mr. Haskell's right to counsel and his right to due process…" *Id*. Judge Cunningham continued the trial until June 25, 2018 and transferred the case to Senior Judge John Bozza. *Id*. Neither Attorney Scarpitti nor the District Attorney's Office asked this Court for an extension of the 180-day time period for retrial.

By this point, it was obvious that Haskell would not be retried within the 180-day timeframe previously ordered by this Court. On March 14, 2018, Haskell filed a motion in this Court seeking his unconditional release with prejudice to retrial, or alternatively, an extension of the 180-day deadline and his release on bond. *See* ECF No. 68. On April 5, 2018, this Court held an evidentiary hearing on Haskell's motion. ECF No. 75. At the hearing, the Commonwealth acknowledged its responsibility for much of the delay in retrying Haskell: "We are not here today to say that this case went well or that the District Attorney's Office acted with absolute sterling, perfect efforts in every single way. Mistakes were undoubtedly made." *See* ECF No. 77, Transcript of Hearing, at pages 7-8, 22, 46.). The District Attorney's Office "realized we had dropped the ball in such a massive way. . . ." *Id*. At the conclusion of the hearing, Haskell's request for unconditional release with a bar to retrial was orally denied on the record as was his alternative request for an extension of the deadline and bond pending trial. ECF No. 76. But this

Court did order that the Commonwealth unconditionally release Haskell, as recorded in the following docket entry:

> Motion For Unconditional Release with Prejudice to Retrial as follows: motion is GRANTED in that an unconditional writ will be issued on Friday, April 13, 2018; motion is DENIED in all other respects.

ECF No. 75, p. 1; ECF No. 76. Haskell moved for reconsideration of that order. ECF No. 78. This Court denied that motion based on representations that Haskell's trial would begin on June 25, 2018, unless defense counsel asked for a continuance to prepare for trial or the state court granted a pending motion to dismiss on double jeopardy grounds. ECF No. 82.  Then, as the Court previously indicated, the following order was entered on April 13, 2018:

> AND NOW, this 13th day of April, 2018, in accordance with the Judgment issued by the United States Court of Appeals for the Third Circuit on August 1, 2017 (ECF No. 64), and certified to on September 14, 2017 (ECF No. 65), and the Order (ECF No. 76) issued by this Court at the conclusion of the April 5, 2018, hearing, IT IS ORDERED that the writ of habeas corpus is issued and the Respondents shall release the Petitioner from the judgment of sentence imposed by Court of Common Pleas of Erie County at CP-25-CR-0000731-1998.

ECF No. 83. Thus, Haskell should have been released from custody on that date. However, as of today, he remains in state custody never having been released.[3] The docket is silent until December 2, 2019, when Haskell wrote to the Court stating:

> On April 12, 2017,[4] a hearing on bail status was held.  The Commonwealth requested this hearing without re-arresting me. I was ordered held in pre-trial detention even after the Writ was to go into effect.  Today is November 14, 2019 (nineteen months)

---

[3] This Court's docket indicates that Haskell's state court records were returned to Court of Common Pleas of Erie County on August 6, 2019. *See* ECF No. 84.

[4] Haskell erroneously refers to this date as April 12, 2017. A review of the state court docket satisfies the Court that he meant April 12, 2018.

7

> after the Writ went into effect and I am still in prison.  I was not re-arrested, arraigned, and no preliminary hearing was held.  One the unconditional writ took effect, I was returned to the position I was in before my incarceration … I am innocent.  Can you please help me?

ECF No. 85, pp. 2-4.  A review of the state court docket confirms that Haskell has not been released, re-arrested, or arraigned, nor has a preliminary hearing been conducted. *See generally* Cm. Pleas Ct. Docket.

On April 27, 2020, the Federal Public Defender's Office for this District filed a motion pursuant to Fed. R. Civ. P. 60(b) asking for reconsideration of this Court's prior order of April 13, 2018. The motion asks for relief in the form of an order granting Haskell bond pending his retrial in state court, the date of which has not been set. The Commonwealth objects, arguing among other things that bail is an issue left to the jurisdiction of the state courts.  *See* ECF No. 91, pp. 6-9. Haskell has filed a Reply and the motion is ready for disposition.

**III.   Analysis and Discussion**

    A.      This Court unconditionally granted Haskell a Writ of Habeas Corpus on April 13, 2018.

Haskell seeks relief under Federal Rule of Civil Procedure 60(b)(6) requesting that this Court either (1) release him on bond pending retrial [ECF No. 86] or (2) unconditionally grant him a writ of habeas corpus with prejudice to retrial [ECF No. 92]. The Commonwealth opposes both requests. This Court has jurisdiction to hear the present motion. *See Wilson v. Secretary of Pennsylvania, Dept. of Corrections*, 782 F.3d 110 (3d Cir. 2015). ECF No. 91. Before turning to the specific issues raised in the motion for reconsideration, it is important to clarify the effect of this Court's prior orders which granted Haskell the writ of habeas corpus.

To be clear, the Court of Appeals for the Third Circuit granted Haskell the writ of habeas corpus. *See Haskell*, 866 F.3d at 152. This Court, pursuant to the Court of Appeals' remand for

8

"further proceedings consistent with [its] opinion," stayed the issuance of the writ for 180 days to permit the Commonwealth to release or retry Haskell. In effect, this rendered the granting of the writ conditional on the Commonwealth's failure to retry him within that period of time. *See* ECF No. 66. Since Haskell was neither rearrested nor retried, on April 13, 2018, the Court issued an unconditional writ of habeas corpus, ordering Haskell's immediate release from custody. ECF No. 83. Thereafter, the Court learned that notwithstanding that unconditional writ, Haskell still remains in detention. Thus, to the extent Haskell's motion seeks release pursuant to a writ of habeas corpus, it is moot: that relief has already been granted by this Court. *See id*. The problem here is that this Court's order has not been effectuated—and was instead quite possibly ignored—by the Commonwealth.

       This Court is cognizant of—and certainly respects—the potential for "injuries to state sovereignty that federal habeas review necessarily inflicts." *Davila v. Davies*, --- U.S. ---, 137 S. Ct. 2058, 2070 (2017). Federal courts are necessarily cautious in habeas proceedings, paying heed not to increase the "frequency of federal intrusion into state criminal affairs." *Id*. That caution is exemplified by the great degree of deference we accord state court criminal decisions in habeas proceedings. Thus, for this reason federal courts give "state courts the first opportunity to address challenges to convictions in state court, thereby 'providing comity, finality, and federalism.'" *Id*. quoting *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). "Comity is a two-way street," however. *Trump v. Vance*, 941 F.3d 631, 638 (2d Cir. 2019) *quoting Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999). *See also Remington Rand Corp. v. Business Systems Inc.*, 830 F.2d 1260, 1275 (3d Cir. 1987) ("Comity is a two-way street."). This Court has satisfied its obligations to promote comity in this proceeding. The Commonwealth has not.

For example, this Court originally stayed the Court of Appeal's grant of the writ, making it conditional on Haskell's retrial. *See* ECF No. 66. It has been explained that "[c]onditional [writs] are essentially accommodations accorded to the state. They represent a [habeas] court's holding that a[n] ... infirmity justifies petitioner's release. The conditional nature of the order provides the state with a window of time within which it might cure the ... error." *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006) *citing Phifer v. Warden*, 53 F.3d 859, 864–65 (7th Cir. 1995). When the state fails to cure the error, *i.e.*, when it fails to comply with the order's conditions, "[a] conditional grant of a writ of habeas corpus requires the petitioner's release from custody." *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir.1985) (emphasis added); *accord, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (Scalia, J., concurring) ("Conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one, and the consequence when they fail to do so is always release."); *Henderson v. Frank*, 155 F.3d 159, 168 (3d Cir.1998); *Phifer*, 53 F.3d at 864–65; 2 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 33.3, at 1684 (5th ed. 2005) ("If the state fails to act within the time set for retrial (or for some other proceeding) to occur, the petitioner must be released from custody immediately."). Yet Haskell was not retried.

Federal district courts, "retain[ ] jurisdiction to review the Government's compliance with the conditional grant [of habeas relief], that is, to determine whether the Government properly cured the identified constitutional error." *Fernandez Aguirre*, 2019 WL 4511933, at *3-4. "If the Government fails to cure the error, the court may grant the petition in full and order the Petitioner's release." *Id.*; *see also Hechavarria*, 358 F. Supp. 3d at 235 ("[C]onditional writs 'would be meaningless' if a habeas court could not determine compliance with them.... [A] federal court always retains jurisdiction to enforce its lawful judgments, including habeas

10

judgments, and the court has the authority to see that its judgment is fully effectuated.... In other words, this Court retained the power to grant release if the government failed to comply with [its] order.") (internal citations, quotation marks, and alterations omitted). "[B]ecause a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010). That is what happened here. The Court of Appeals granted Haskell the writ, this Court stayed its effect, thereby giving the Commonwealth 180 days to retry. That did not happen. So, this Court ordered his immediate release in April of 2018, more than two years ago. Yet he remains incarcerated.

This Court has absolute jurisdiction to ensure Haskell's release and to otherwise enforce full compliance with the Writ. *See, e.g., Smith v. Warden, Toledo Corr. Facility*, 2020 WL 1976438 (N.D. Ohio Apr. 24, 2020). This can be achieved by, among other things, contempt proceedings. *Id*. Therefore, in light of the fact that Haskell has not been retried or released, despite the issuance of an unconditional writ of habeas corpus, his immediate and unconditional release will again be ordered. The only thing that would prohibit this Court from ordering Haskell's immediate release is if he had been re-arrested. The Court is satisfied that, based on the state court record and Common Pleas Court docket, Haskell has not been re-arrested.

Typically, when a writ of habeas corpus is granted to a state prisoner, and immediate release has been ordered, that order is complied with and the prisoner is released from custody. Often, this release is symbolic in the sense that the prisoner is immediately re-arrested. *See, e.g., Girts v. Yanai*, 600 F.3d 576, 585 (6th Cir. 2010) ("Our granting of an unconditional writ of habeas corpus does not, itself, preclude the State from rearresting and retrying [the petitioner]."); *United States ex rel. Lowry v. Case*, 283 F. Supp. 744, 744 (E.D. Pa. 1968) (citation omitted).

11

(Petitioner was released on unconditional writ and immediately re-arrested on the original indictment and had been confined since that time awaiting his re-trial).

Counsel for Haskell previously noted that "After the hearing on April 5, 2018, the District Attorney announced to the press his intent to rearrest and retry Mr. Haskell." ECF No. 78, ¶ 13 (citation omitted). Haskell has indicated to the Court, however, that as of December 2, 2019, he had not been released and re-arrested. *See* ECF No. 85. Haskell's counsel now has stated that "the Commonwealth sought and obtained an order in the Court of Common Pleas holding Mr. Haskell in custody pending his trial." ECF No. 86, ¶ 23. The Commonwealth explained that "Judge Garhart issued an Order which directed the Warden of Erie County to detain the Petitioner in the Erie County Prison until his retrial." ECF No. 91, ¶ 26. As evidence, the Commonwealth points to a "Bail Status Order" dated April 12, 2018—issued a day before this Court granted Haskell an unconditional writ of habeas corpus and ordered his immediate release. *See* ECF No. 91-1, p. 37. Pursuant to that order, the Common Pleas Court instructed that

> Contemporaneous with the issuance of the Federal Writ, upon which Defendant will be released from his judgment of sentence of November 10, 1998, Defendant shall remain incarcerated in pre-trial detention pending his re-trial (currently scheduled for on (sic) June 25, 2018) for the charges at the above noted docket. The Warden of Erie County shall detain the Defendant in the Erie County Prison until his retrial.

*Id*. This is a peculiar order. First, it assumes that Haskell will be released pursuant to this Court's order, but there is no indication that Haskell actually was released. *See,e.g., Lee v. Cameron*, 2017 WL 241326, at *4 (M.D. Pa. Jan. 19, 2017) (holding when the state fails to retry a defendant within the time set by a habeas court so the writ issues, freeing the defendant, the state is generally free to re-arrest and retry the defendant on the original indictment) *citing Moore v.*

*Zant*, 972 F.2d 318, 320 (11th Cir. 1992) ("[I]f the state fails to correct the defect within the given time and the prisoner is released from custody, the state may ordinarily still rearrest and reprosecute that person."). Indeed, "such decisions would be meaningless if a habeas court could not order a noncompliant state to release a prisoner." *Satterlee*, 453 F. 3d at 369, n. 5 (internal citations omitted). Second, nothing in that order, or indeed, on the Common Pleas Court docket, indicates that Haskell was re-arrested, which should have taken place after his release pursuant to this Court's order of April 13, 2018. Thus, this Court's April 13, 2018, order has never been followed or effectuated.[5] Therefore, and in light of the foregoing, the Court <u>again</u> orders Haskell's immediate release. It remains up to the Commonwealth whether to re-arrest him on the original charges, unless this Court bars re-prosecution as Haskell requests.

   B.  Prohibiting Re-Prosecution.

In his Rule 60(b) motion, Haskell argues that this Court should vacate its April 13, 2018, and issue a new order granting another unconditional writ of habeas corpus and barring his retrial. ECF No. 86. He asserts that the Commonwealth's delay in commencing retrial proceedings coupled with his health vulnerabilities to the continuing COVID-19 pandemic constitute extraordinary circumstances which may be remedied only by such relief. *Id*. *See also* ECF No. 92. Unfortunately for Mr. Haskell, this was the exact remedy requested by a petitioner and rejected by the district court in *Wilson v. Beard*, 2012 WL 1382447, at *6 (E.D. Pa. Apr. 20, 2012), *aff'd sub nom. Wilson v. Sec'y Pennsylvania Dep't of Corr.*, 782 F.3d 110 (3d Cir. 2015). The decisions in the *Wilson* case preclude this Court from barring Haskell's re-prosecution.

---

[5] The Court will ignore the inference that Judge Garhart's order may be read to instruct Respondents to disobey an order of the federal court, and we will proceed as if that was not its intent.

Under Rule 60(b)(6), a district court may "relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons ... (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "[A] movant seeking relief under Rule 60(b)(6) [is required] to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted). The Supreme Court noted that "[s]uch circumstances will rarely occur in the habeas context." *Id*.

Haskell contends that extraordinary circumstances exist in this case through a "combination of the inordinate delay in his retrial, the current COVID-19 pandemic, and his underlying health conditions." ECF No. 86, p. 14. It is absolutely clear from the record before this Court that Haskell did not present any of these claims before the Pennsylvania state courts prior to filing the instant Rule 60(b)(6) Motion.[6]

As was the case in *Wilson*, *supra*., the Court construes these claims as alleging a violation of Haskell's Sixth Amendment right to a speedy trial due to the delay in his retrial. ECF No. 86.[7] That is how the district court construed similar claims in *Wilson* and the Court of Appeals endorsed that approach. *See Wilson*, 782 F.3d at 116 ("His claims relating to the delayed

---

[6] Shortly before trial was set to begin, Attorney Scarpitti filed a motion to dismiss based on double jeopardy grounds. The trial court denied the motion on June 21, 2018, and continued Haskell's trial "indefinitely." Haskell appeal to the Superior Court which after sixteen months, affirmed the trial court's ruling. Thereafter, Haskell filed a petition for allowance of appeal to the Pennsylvania Supreme Court. In December of 2019, the Pennsylvania Supreme Court *sua sponte* stayed Haskell's petition pending resolution of *Commonwealth v. Johnson*, 40 EAP 2018.

[7] In *Wilson*, after the district court granted a conditional writ which became unconditional after the Commonwealth failed to retry Wilson within 180 days, the petitioner sought to preclude reprosecution under Rule 60(b)(6) due to a five-year delay in reprosecution. The court reasoned that "Wilson's claims that he has been so prejudiced by the Commonwealth's purposeful delay of his retrial that his retrial should be barred is, at its core, a Sixth Amendment speedy trial claim." 2012 WL 1382447, at *8.

retrial—which the District Court properly characterized as speedy trial claims—have never been presented to the state court.").[8]

A state habeas petition generally must exhaust his claims in state court prior to asserting them in federal court. 28 U.S.C. § 2254(b), (c); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975). The exhaustion requirement applies to "new claims a habeas petitioner may raise in seeking relief from a final order under Fed. R. Civ. P. 60(b)." *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir.1990) (footnote omitted) *citing Pitchess v. Davis*, 421 U.S. 482, 489–90 (1975); *see also Pitchess*, 421 U.S. at 490 ("Neither Rule 60(b), 28 U.S.C. § 2254, nor the two read together, permit a federal habeas court to maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by the habeas court." (citation omitted)).  "[T]he exhaustion requirement is premised on the principles of federal-state comity." *DiSimone v. Phillips*, 518 F.3d 124, 127 (2d Cir. 2008). It "ensures that the federal government, 'anxious though it may be to vindicate and protect federal rights and federal interests,' does so in a way that 'will not unduly interfere with the legitimate activities of the States.'" *Id. quoting Younger v. Harris*, 401 U.S. 37, 44 (1971). Exhaustion thus "protects sovereign states from presumptuous correction of their constitutional errors until their courts have been given every opportunity permitted in their

---

[8] "The Sixth Amendment guarantees that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial.'" *Vermont v. Brillon*, 556 U.S. 81, 89 (2009) (alterations in original) *quoting* U.S. Const. amend. VI. The right to a speedy trial was designed to protect three interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker v. Wingo*, 407 U.S. 514, 532 (1972) (footnote omitted). The third interest is the most important "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id*. "If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past." *Wilson,* 2012 WL 1382447, at *7.

15

procedure to correct their own mistakes." *Id*. In *Wilson*, Judge Padova additionally pointed out that

> the Supreme Court … has made it clear that a successful habeas petitioner, like [Haskell], who returns to the district court claiming that new circumstances have arisen that warrant barring his retrial must exhaust those new claims in state court.

2012 WL 1382447 at *9, *citing Pitchess*, 421 U.S. at 489.

This Court recognizes that Haskell is unlikely to be retried anytime soon. Haskell presently has a petition for allocator stayed in the Pennsylvania Supreme Court. Even if the Supreme Court rejects that petition tomorrow and remands the case to Erie County for trial, jury trials have been stayed until at least May 31, 2020 due to the COVID-19 pandemic.[9] Further adding to the delay will be the fact that new trial counsel has been appointed for Haskell.[10]

Although the delay in reprosecution has already been lengthy, any Sixth Amendment claims must be exhausted through the state court. It is not clear what avenue Haskell should pursue to present his new claims in the state courts. But, what is clear is that under the *Wilson* cases, the federal court cannot be Haskell's first step to vindicate his Sixth Amendment rights. Haskell's motion will be denied in this regard.

Because jurists of reason would not find debatable the Court's disposition of the Motion for the reasons set forth herein, a certificate of appealability will be denied. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.

---

[9] *See* Second Amended Emergency Judicial Order signed by President Judge John J. Trucilla on April 16, 2020 at https://eriecountypa.gov/wp-content/uploads/2020/04/Second-Amended-Emergency-Judicial-Order.pdf.

[10] In January 2020, Mark Del Duca, Esq. was appointed to represent Haskell after Attorney Scarpitti left private practice. This Court is alarmed that as of late April, Attorney Del Duca has not communicated with either his client or the District Attorney's Office.